JAMES J.S. HOLMES (STATE BAR NO.126779)
james.holmes@sedgwicklaw.com
JASON JOYAL (STATE BAR NO.251168)
jason.joyal@sedgwicklaw.com
CHANTAL HWANG (STATE BAR NO. 275236)
chantal.hwang@sedgwicklaw.com
SEDGWICK LLP
801 South Figueroa Street, 19th Floor
Los Angeles, CA 90017-5556
Telephone: 213.426.6900
Facsimile: 213.426.6921

JOHN A. MARSHALL (BAR NO. 109557)
JMarshall@gmlawplc.net
JOHNATHON S. KIM (BAR NO. 231955)
JKim@gmlawplc.net
GOSHGARIAN & MARSHALL, PLC
23901 Calabasas Road, Suite 2073
Calabasas, California 91302-1542
Telephone: 818.591.9000
Facsimile: 818.591.0810

Attorneys for HOLLYWOOD HOTEL
and JEFF ZARRINNAM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| HIGHLAND SUITES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD HOTEL, an unknown entity, JEFF ZARRINNAM, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV-12-03887 SJO (PLAx)<br><br>**DEFENDANTS' REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. S. James Otero<br>Date: May 20, 2013<br>Time: 10:00 a.m.<br>Courtroom: 1<br><br>Pre-Trial Conf: June 17, 2013<br>Trial Date: June 25, 2013<br>Complaint Filed: May 3, 2012 |

Defendants Hollywood Hotel and Jeff Zarrinnam (collectively, "Defendants") submit the following brief in reply to Plaintiff Highland Suites, Inc.'s ("Plaintiff") Opposition to Defendants' Motion for Summary Judgment or, in the alternative, Partial Summary Judgment.

I. **PLAINTIFF CONCEDES ITS INABILITY TO RECOVER ANY DAMAGES OR ATTORNEYS' FEES**

Plaintiff submits on the issue of damages and attorneys' fees, as set forth in Section VI of Defendants' Motion. Accordingly, Plaintiff concedes it cannot recover monetary damages from the alleged copyright infringement (including statutory damages) or its attorneys' fees in the unlikely event it prevails in this matter. This Court should therefore grant Defendants' Motion for Partial Summary Judgment on the issue of damages and attorneys' fees.

II. **EVIDENCE OF PLAINTIFF'S PURPORTED COPYRIGHT DEPOSIT MUST BE EXCLUDED**

The remainder of Plaintiff's opposition relies heavily on the admissibility of its purported copyright deposit. As set forth in Defendants' accompanying evidentiary objections, Plaintiff failed to produce complete copies of its alleged copyright deposit until one month *after* the discovery cut-off, and *after* receiving Defendants' Motion. Further, Defendants did not "ambush" Plaintiff with a summary judgment motion; Defendants advised Plaintiff of its failure to produce its deposit materials during the parties' L.R. 7-3 conference, which took place on March 18, 2013—seven days before the discovery cut-off. (Suppl. Joyal Decl., ¶ 2.) Plaintiff then waited until April 26, 2013 to serve supplemental documents.

A. **Plaintiff's Purported Copyright Deposit Creates Significant Issues as to Copyright Validity, and Preclude a Finding of Infringement**

Even if Plaintiff's alleged deposit materials are admitted, the documents upon which Plaintiff now rely create significant and sufficient doubt as to the originality (and validity) of Plaintiff's purported copyright.

The presumption of the validity of a registered copyright may be overcome by the "offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1217 (9th Cir. 1997). "The statutory presumption of validity can

1
MOTION FOR SUMMARY JUDGMENT REPLY BRIEF

be rebutted if the alleged infringer demonstrates that the plaintiff's work is not original but copied from another's work." *Id.* at 1218 (quotations omitted). "Originality is the indispensable prerequisite for copyrightability." *N. Coast Indus. v. Jason Maxwell, Inc.,* 972 F.2d 1031, 1033 (9th Cir. 1992). "Original in reference to a copyright work means that the particular work owes its origin to the author." *Id.* (quotations omitted).

Plaintiff alleges that "[a]s a franchisee . . . it is responsible for marketing and maintaining its own location." (Compl. ¶ 10.) "As part of [Plaintiff's] marketing efforts, it maintains a website which contains text, photographs, and source code that was registered with the United States Copyright Office on September 14, 2010." (Compl. ¶ 11.) Plaintiff's website is www.hollywoodholidayinn-express.com, (Bouche Decl., ¶ 3), its copyright registration is for "text, photograh(s) and source code" in connection with its www.hollywoodholidayinn-epxress.com website, (Pl. Resp. to SUF 4), and Plaintiff's own general manager states that he authored (as a work for hire) the alleged copyrighted text for use on the hollywoodholidayinnexpress.com website, (Bouche Decl., ¶ 3.)

Presumably, then, Plaintiff submitted to the copyright office, and received a copyright registration, for content published on its own website. The documents Plaintiff belatedly relies upon, however, are screen shots from the website of Plaintiff's *franchisor*, IHG, Inc., not from hollywoodholidayinnexpress.com.[1] And the copyright notice on the documents Plaintiff claims are its deposit materials reflects IHG as the copyright owner, not Plaintiff. (Bouche Decl., Exhs. 2-3 ("© 2010 IHG. All rights reserved.")) The purported deposit material is therefore not from Plaintiff's own website, which, according to Plaintiff, is what was copyrighted. Further, an archived search of Plaintiff's hollywoodholidayinnexpress.com website reveals that the allegedly copyrighted text *never appeared* on that site. (Suppl. Joyal Decl., ¶ 4.) IHG (not a party to this action) appears to be the

---

[1] Plaintiff's purported deposit material is a 2010 screen shot from the website, www.ihg.com/holidayinnexpress/hotels/us/en/los-angeles/laxfa/hoteldetail. (Bouche Decl., Exhs. 2-3.)

copyright holder in the copyrighted text, thereby suggesting that Plaintiff's work is either not original to it or has otherwise been assigned or transferred to IHG. As a result, Plaintiff is not entitled to the presumption of maintaining a valid copyright.

### III. PLAINTIFF OTHERWISE FAILS TO CREATE A TRIABLE ISSUE OF FACT AS TO COPYRIGHT INFRINGEMENT

Even if Plaintiff can prove it holds a valid copyright, Plaintiff has not created a triable issue of material fact as to whether Defendants are liable for copyright infringement. To begin, it is undisputed that the subject text was never used on Defendants' www.hollywoodhotel.net website, and Plaintiff fails to proffer any evidence that Defendants engaged in keyword stuffing, keying or embedding of copyrighted text in connection with Defendants' website. (Pl. Resp. to SUF 9, 10, 13-16.[2]) Fundamentally, then, this case rests on Plaintiff's allegations that Defendants are liable for placing infringing listings on third party websites. To that end, Plaintiff concedes only two websites are at issue: foursquare.com and yellowpages.com. (Pl. Resp. SUF 21, 27-29.)

As to the former, Plaintiff's assumptions as to the meaning of Foursquare's documents and self-serving explanation of infringement is without foundation, and is hearsay. (Def. Resp. to Pl. Stmt. Gen. Disp. 50.) Plaintiff chose not to depose a foursquare.com representative and should not now be entitled to opine as to the documents' meaning.[3] (Pl. Resp. SUF 21.) Plaintiff, moreover, ignores the fact

---

[2] Plaintiff's attempt at disputing these material facts contradicts its prior sworn statements. To begin, a material fact is not in dispute simply because Plaintiff chose not to "examin[e] Defendants in deposition." (Pl. Resp. to SUF 9-10.) Plaintiff provided verified discovery responses admitting it has no evidence to support any alleged infringement on hollywoodhotel.net. (SUF. 10.) Further, Plaintiff admitted in discovery it has no evidence to support its allegations of keying, keyword stuffing or embedding, (Evid. supporting SUF 14, 16), and direct testimony from Zarrinnam establishes that no such activity ever took place, (Evid. supporting SUF 13, 15). Such allegations, moreover, relate to conduct associated with Defendants' own hollywoodhotel.net website, and Plaintiff has produced no evidence of *any* keywords Defendants allegedly purchased for purposes of increasing traffic to Defendants' site and/or advertisements.

[3] The impropriety of offering such opinions is readily apparent. For example, although the Foursquare listing at issue was allegedly "claimed" by Zarrinnam on October 7, 2010, (Joyal Decl., Exh. Q at FS 05), there is no record of any business descriptions being "set" prior to September 30, 2011, (Id. at FS 23-24), and no meaning for the term "set" is provided in this context. Between October 7, 2010 and September 30, 2011, moreover, five unique users made

that, even if admissible, the subject Foursquare documents include generic, qualitatively *different* language than what Plaintiff accuses Defendants of infringing.

As to Yellowpages, the Court should reject the speculative and unreasonable inference Plaintiff asks it to draw—namely, that on July 23, 2010 Defendants placed infringing text on Hollywood Hotel's Yellowpages listing.[4] As a practical matter, there is no way to tell whether the July 23, 2010 data was inputted or deleted on that date (just that a change was made), nor is there any evidence from Yellowpages that Zarrinnam was the source of that change—whether an addition or deletion. (Suppl. Joyal Decl., Exh. 1 at 44:25-45:1; 52:15-55:24, exh. B at pp.7.)

More importantly, there is no evidence that Zarrinnam accessed the Hollywood Hotel listing on July 23, 2010 (or anytime thereafter) to make the changes Plaintiff unreasonably infers. Indeed, the "system notes" data is how Yellowpages "keeps track of who has accessed the listing and made changes." (Id. at 48:19-22, exh. B at pp. 13.) Tellingly, there is no evidence Zarrinnam or the associated "info@hollywoodhotel.net" user id logged into the system on July 23, 2010 (or anytime thereafter) for any purpose, let alone to make changes. (Id. at exh. B at pg. 13.) The only entry associated with Defendants in the "system notes" is from July 22, 2010 at 6:31 p.m.—the date and time Zarrinnam claimed the Hollywood Hotel listing.[5] Plaintiff also continues to ignore the undisputed facts that through May 2010 Yellowpages received and posted Hollywood Hotel listing

---

posts to the Hollywood Hotel listing, (Id. at FS 08). Further, the "venue edits" do not identify any "reporting user" or explain what such a user does, (Id. at FS 23), each "edit" contains an unidentified and unexplained "rollback", (Id. at FS 23-24), the identity and description of an August 2011 "merge" is redacted, (Id. at FS 24), and on at least one occasion Foursqaure itself made a redacted "edit". (Id.)

[4] See *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment."); *In re Coord. Pretrial Proceedings*, 906 F.2d 432, 441 (9th Cir. 1990) (a district court may refuse to draw unreasonable inferences from circumstantial evidence).

[5] Similarly, there is no evidence that Zarrinnam input allegedly infringing material at the time of his July 22, 2010 registration. (See Supp. Joyal Decl., Exh. 1 (exh. B at pp. 1, 7, 13).) In fact, Zarrinnam expressly denies doing so, (Zarrinnam Decl., ¶¶ 5, 9), and, according Mr. Nakano, there exists no evidence to establish otherwise. (Suppl. Joyal Decl., Exh. 1 at 42:18-43:5.)

information from third parties before Zarrinnam claimed the listing, that Yellowpages employees continuously made changes to Defendants' listing through 2012, (evid. supporting SUF 24, 26), and that Zarrinnam denies posting infringing text on third party websites, including yellowpages.com. It is therefore entirely *unreasonable* to infer or speculate that Defendants are the source of the alleged infringement, and summary judgment should be granted. *U.S. v. 1980 Red Ferrari*, 827 F.2d 477, 479-80, n.3 (9th Cir. 1987) ("unreasonable to draw an inference contrary to the movant's interpretation of the facts where overwhelming evidence favors the [movant] and the party opposing summary judgment fails to produce any significant evidence to combat summary judgment.").

### IV. NO EVIDENCE EXISTS TO SUPPORT AN INJUNCTION

Plaintiff's reliance on *Polo Fashions v. Dick Bruhn, Inc.* is misplaced. There, the Ninth Circuit reversed a lower court's denial of an injunction because there was significant evidence that defendants *willfully* infringed plaintiff's trademark. *Polo Fashions*, 793 F.2d 1132, 1135 (9th Cir. 1986). Here, there is no evidence of any copyright infringement, and by no means any "substantial evidence of *willful* infringement". (Opp'n at 14-15 (emphasis added)). In such circumstances, particularly where Defendants offer evidence that the alleged infringement is unlikely to recommence, (Zarrinnam Decl.,¶¶ 5,8, 9), injunctive relief is inappropriate. *See Contessa Food Prods. Inc. v. Lockpur Fish Proc. Co. Ltd.*, 123 Fed. Appx. 747, 751 (9th Cir. 2005) (no injunctive relief where there was no reasonable inference of willful infringement). *See also Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (the party moving for a permanent injunction must demonstrate there is some cognizable danger of recurrent violation that is more than a mere possibility).

### V. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in its entirety.

| | | |
|---|---|---|
| 1 | Dated: May 6, 2013 | SEDGWICK LLP |
| 2 | | |
| 3 | | By:  /s/   *Jason Joyal* |
| | | James J. S. Holmes |
| 4 | | Jason Joyal |
| | | Chantal Z. Hwang |
| 5 | | Attorneys for Defendants |
| | | HOLLYWOOD HOTEL and JEFF ZARRINNAM |
| 6 | | |
| 7 | Dated: May 6, 2013 | GOSHGARIAN & MARSHALL, PLC |
| 8 | | |
| 9 | | By:  /s/   *John A. Marshall* |
| | | John A. Marshall |
| 10 | | Johnathon S. Kim |
| | | Attorneys for Defendants |
| 11 | | HOLLYWOOD HOTEL and JEFF ZARRINNAM |